LANDRY, Respondent, vs. WEBSTER MANUFACTURING COMPANY, Appellant.

*February 5—February 24, 1914.*

*Negligence: Injury to switchman: Obstruction on private track: Contributory negligence: Questions for jury: Instructions.*

1. The questions whether a manufacturing company was negligent in leaving a movable bridge or runway of planks across a switch track in its yard, and whether the foreman of a switching crew who was injured by coming in contact therewith while he was riding at night upon the footboard of a switch engine was guilty of contributory negligence, are *held*, upon the evidence, to have been for the jury.
2. The charge in this case is *held* to have properly stated the issues and correctly instructed the jury as to ordinary care, proximate cause, and contributory negligence.
3. A party desiring more particular instructions to the jury than are contained in the brief but correct charge of the court should present them.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

This is an action for personal injuries brought for an injury received by the plaintiff while riding on the front footboard of a switch engine owned and operated by the Great Northern Railway Company, which was running into the appellant's factory yard at Superior for the purpose of taking out two freight cars loaded with chairs. The plaintiff was the foreman of the switching crew. At about 1 o'clock in the morning on January 19, 1912, he received orders to proceed with the engine and crew to the appellant's yard and take out the two cars. This instruction was being carried out at the time of the accident. The night was dark, the thermometer below zero, snow on the ground, and frost in the air. The engine and crew reached the switch track leading into the appellant's yards at about 5 o'clock a. m. The plaintiff unlocked the gate with a key and resumed his place on the front footboard of the engine with Robinson, another member of the crew, who was standing on the right-hand side in order that the engineer might see his signals. The engine then proceeded into the yard at a speed of three to five miles an hour, when it ran into a movable bridge or runway consisting of three planks which had been placed across the tracks by the employees of the appellant for convenience in taking stock to or from the stock shed. This runway stands nineteen inches above the track, has been in use for many years by the appellant, and has to be removed whenever switching is done. Sometimes the removal is made by the switching crew and sometimes by the appellant's employees. It struck the respondent at the time in question and inflicted serious injuries. The appellant knew that switching was to be done in the yard that night. The evidence tended to show that neither plaintiff nor Robinson had been in this yard before, and that in the condition of the snow and frost it would be quite hard to see the runway during the night when approaching it on the engine. The Great Northern Railway Company

was originally joined as a defendant, but a nonsuit as to it was granted on the trial, and there is no appeal from that ruling.   The case has already been here on demurrer to the complaint and. will be found reported in 152 Wis. at page 379 (140 N. W. 75).

A general verdict for the plaintiff, with damages fixed at $3,000, was returned by the jury, and the defendant appeals from judgment thereon.

*H. V. Gard,* for the appellant.

*W. P. Crawford,* for the respondent.

WINSLOW, C. J.   The appellant claims, *first,* that the evidence fails to show any negligence by defendant; *second,* that it shows conclusively contributory negligence on the part of the plaintiff; and *third,* that the court erred in not stating the issues to the jury and not instructing them adequately as to what acts would constitute ordinary care and what would constitute negligence.   As to the first two propositions, we content ourselves with the remark that both questions were fairly questions for the jury upon the evidence as set forth in the statement of facts.

As to the third contention, we find that the trial judge said to the jury, "The jury understand the issue they are to pass upon.   Under all the circumstances of the case was the defendant . . . guilty of want of ordinary care, and of such character that it was the proximate cause of the injury?"  The trial judge then defined correctly ordinary care, proximate cause, and contributory negligence, and briefly but lucidly told the jury the legal results which would follow from their conclusions upon those questions of fact.

Had the defendant desired more particular instructions it should have presented them.   A charge which briefly and correctly puts the case before the jury is entitled to commendation rather than criticism.   Such a charge was given in this case.

*By the Court.*—Judgment affirmed.